**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RE TITANS LLC and STACY R. GINN,** | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Cause No. 4:20-cv-2332** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **FORA FINANCIAL ADVANCE, LLC,** | § | |
| **FORA FINANCIAL, LLC, AND** | § | |
| **FINANCIAL AGENT SERVICES,** | § | |
| | § | |
| *Defendants*. | § | |

---

### NOTICE OF REMOVAL

---

Notice is given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Fora Financial Advance, LLC ("FFA") and Fora Financial, LLC ("Fora") (collectively "Fora Defendants") remove this action from the 270th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as follows:

**I.
STATE COURT ACTION**

1.      On May 26, 2020, Plaintiffs RE Titans LLC ("Titans") and Stacy R. Ginn ("Ginn") (collectively, "Plaintiffs") filed their Verified Original Petition (the "Petition") in the 270th Judicial District Court of Harris County, Texas, in an action styled *RE Titans, LLC and Stacy R. Ginn v. Fora Financial Advance, LLC, et al.*; Case No. 2020-31417 (the "State Court Action").

2.      In the State Court Action, Plaintiffs assert claims of breach of contract, fraud, negligence, breach of fiduciary duty, declaratory judgment, suit to quiet title, and violation of

Section 12.002 of the Texas Civil Practice and Remedies Code. Fora Defendants deny Plaintiffs'

allegations and that Plaintiffs are entitled to any of the relief it seeks.

3.      As discussed below, Plaintiffs do not assert any colorable claims against Defendant

Financial Agent Services ("FAS").

4.      Plaintiffs have served no defendant. This removal is therefore timely under 28

U.S.C. § 1446(b).  Further, FAS's consent to this removal is not required.

5.      Fora Defendants remove the State Court Action to this Court on the basis of

diversity jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

6.      This action is properly removed to this Court, as the lawsuit is pending within the

district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

7.      The United States District Court for the Southern District of Texas, Houston

Division has jurisdiction over this action based on diversity jurisdiction because all Defendants

are now, and were at the time this action commenced, diverse in citizenship from Plaintiffs, and

the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331

and 1332(a).

8.      The consent of Defendant Financial Agent Services ("FAS") is not required for

this Notice of Removal because they have not been served. *See, e.g.*, *Getty Oil Corp. v. Ins. Co.*

*of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) ("Defendants . . . who are unserved when the

removal petition is filed need not joint in it.").

9.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81,

this Notice of Removal is accompanied by copies of the following materials:

(a)      An index of matters being filed is attached hereto as **Exhibit A**.

(b)     The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge is attached hereto as **Exhibits B.1 – B.7**.

(c)     A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **Exhibit C**.

10.     Simultaneously with the filing of this Notice of Removal, Fora Defendants are filing a copy of the Notice of Filing of Removal in the 270th Judicial District Court, Harris County, Texas, pursuant to 28 B.S.CH. § 1446(d).

## III.
## DIVERSITY JURISDICTION

11.     Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists here because Plaintiffs are not a citizen of the same state as any of the Defendants.  However, FAS, a diverse defendant upon information and belief, was improperly joined and should be disregarded.  Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

A.     THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

12.     Plaintiffs are citizens of Texas for diversity purposes. According to documents submitted with its Working Capital Application to FFA, Ginn is the sole member of Titans. Because Titans is a limited liability company, its citizenship is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Ginn is a citizen of Texas.  As a result, the citizenship of both Ginn and Titans is Texas for diversity purposes.

13.     Defendant Fora Financial, LLC is a limited liability company organized under the laws of the state of New York.  Thus, its citizenship for diversity purposes is determined by the

citizenship of its members. *Id.* Fora Financial, LLC's sole member is Fora Financial Holdings, LLC. Jared Feldman and Dan Smith, both citizens of New Jersey for diversity purposes, are the sole managers of Fora Financial Holdings, LLC. Therefore, Fora Financial, LLC is a citizen of New York and New Jersey for diversity purposes. *Id.*

14.     Defendant Fora Financial Advance, LLC is a limited liability company organized under the laws of the state of New York. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Id.* FFA's sole member is Fora Financial Holdings, LLC. Fora Financial Holdings, LLC is a limited liability company organized under the laws of the state of Delaware. Jared Feldman and Dan Smith, citizens of New Jersey for diversity purposes, are the sole managers of Fora Financial Holdings, LLC. Therefore, Fora Financial Advance, LLC is a citizen of New York and New Jersey for diversity purposes.

15.     Upon information and belief, Financial Agent Services ("FAS") is an Illinois corporation with a principal place of business in Illinois. But FAS was improperly joined, as it is clear from the Petition that Plaintiffs have alleged no specific facts that would give rise to a viable claim against FAS. Plaintiffs fail to allege any wrongdoing against FAS that would allow them to establish a cause of action against FAS. Accordingly, the citizenship of FAS should be disregarded for purposes of diversity because FAS is merely a nominal party and is improperly joined.

16.     The Fifth Circuit has noted that a party can establish improper joinder if it can show that there is: (1) actual fraud in the pleading of jurisdictional facts; or (2) no possibility that plaintiffs would be able to establish a cause of action in state court against the defendant whose citizenship prevents removal. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *see also Adams v. Chase Bank*, No. 3:11-cv-3085-M, 2012 WL 2122175, at *2 (N.D. Tex. May 11, 2012), adopted by *Adams v. Chase*

*Bank*, No. 3:11-cv-3085-M, 2012 WL 2130907 (N.D. Tex. Jun. 12, 2012); *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002) (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)).  Notably, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.  *Smallwood*, 385 F.3d at 573 n. 9 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

17.    As noted above, the Petition contains no substantive allegations against FAS. Because Plaintiffs have pled no real facts against FAS that could establish plausible claims, there is no possibility that Plaintiffs could establish a cause of action against FAS in state court.  *See Smallwood*, 385 F.3d at 573.  Thus, FAS is clearly a nominal, improperly joined party whose citizenship should be disregarded for removal purposes.

18.    "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable."  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citations omitted).  Here, the Court would be able to "enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable" absent FAS as a defendant.

19.    There is no underlying case or controversy between Plaintiffs and FAS.  FAS is thus a nominal party that has been improperly joined, and its citizenship should be disregarded for removal purposes.  For this reason as well, this Court has diversity jurisdiction, and removal of

this case is appropriate. *See Great Plains Trust Co.*, 313 F.3d at 312 (where non-diverse defendant

is fraudulently joined, case properly heard in federal court).

**B.    AMOUNT IN CONTROVERSY**

20.    In the Petition, Plaintiffs admit that they seek monetary relief over $200,000.

Removal is proper where a defendant can show by a preponderance of the evidence that the amount

in controversy is greater than the jurisdictional minimum. *See St. Paul Reinsurance Co. Ltd. v.*

*Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than

not that the amount of the claim will exceed [the jurisdictional minimum]."); *see also White v. FCI*

*USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was

"more probable than not" that damages were over $75,000 where the total amount of relief was

not stated in the petition).   A defendant can meet its burden if it is "facially apparent" from the

petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to

show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential*

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Ham v. Board of Pensions of the*

*Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar.

8, 2005); *Carnahan v. S. Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

21.    It is more probable than not that the total amount in controversy exceeds $75,000.

Plaintiffs seek monetary and declaratory relief.   As mentioned above, Plaintiffs admit that the

damages it seeks exceed $200,000.

22.    In addition to seeking actual damages, Plaintiffs also seeks punitive damages.   The

law is clear that punitive damages are included in the amount in controversy for jurisdictional

determinations. *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 319 (5th Cir. 2012) ("The

amount in controversy may include punitive damages if they are recoverable as a matter of state law."). Plaintiffs' demand for punitive damages puts this case within the Court's jurisdiction.

23.    Plaintiffs seek also attorney's fees. It is well established in the Fifth Circuit that potential attorney's fees are part of the amount-in-controversy calculus. *White v. FCI USA, Inc.*, 319 F.3d 672, 675-77 (5th Cir. 2003) (affirming a district court's finding that attorney's fees are part of the amount in controversy); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees...such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy).

24.    Consequently, based on the relief sought, the amount in controversy exceeds $75,000.

25.    For the reasons stated above, this Court now has jurisdiction over this matter by virtue of diversity.

26.    Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal therefore is proper.

## IV.
## CONCLUSION

WHEREFORE, Fora Defendants remove this action from the 270th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

/s/ Kurt Lance Krolikowski
KURT LANCE KROLIKOWSKI
State Bar No. 24074548
Southern District Number: 1146373
RYAN B. BURNS
State Bar No. 24116149
Southern District Number: 3471171
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*
kkrolikowski@lockelord.com
ryan.burns@lockelord.com

**COUNSEL FOR FORA FINANCIAL
ADVANCE, LLC AND FORA
FINANCIAL, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel on July 1, 2020.


Marc Tittlebaum
Tittlebaum Law Firm
10680 Royal Cavins Drive
Conroe, Texas 77303
(830) 626-9161 – *facsimile*


/s/ Kurt Lance Krolikowski
Kurt Lance Krolikowski